IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GREGORY TODD, Personal Representative of the Estate of Arlin Bordeaux<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA and DOES 1-10,<br><br>Defendants. | CV 23-47-BLG-SPW<br><br><br>ORDER RE PLAINTIFF'S MOTION FOR SANCTIONS |

Before the Court is Plaintiff Gregory Todd's Motion for Sanctions (Doc. 12), filed September 12, 2024. Defendant United States of America ("U.S.") responded to the motion on September 26, 2024. (Doc. 14). Todd filed his reply on September 30, 2024. (Doc. 15). This motion is therefore deemed ripe for adjudication.

I.  **Background**

On December 3, 2021, Arlin Bordeaux, a member of the Northern Cheyenne Tribe, was shot and killed by Bureau of Indian Affairs ("BIA") law enforcement officers. (Doc. 6 at 2). BIA Officer Gygi ("Gygi") and BIA Officer Deela ("Deela") were the responding officers on that day. (Doc. 13 at 2). According to Todd, Gygi was the first on the scene and emptied a can of pepper spray into Bordeaux's face and struck him in the head with a baton. (*Id.* at 2–3). Deela arrived on the scene a

1

minute later, deployed his Taser twice and shot Bordeaux at least twice in the back. (*Id.* at 3). Todd alleges that the BIA police officers, while acting under color of law and in the course and scope of their duties as police officers, failed to conform to the standard of care expected of reasonable police officers. (Doc. 6 at 3).

As part of the discovery process, Todd informed the BIA that he intended to depose them pursuant to Federal Rule of Civil Procedure 30(b)(6). (Doc. 13 at 3). The U.S. did not object to the deposition notice, and designated BIA Officer Derris Waukazoo as the Rule 30(b)(6) designee. (*Id.* at 4). The deposition occurred on September 10, 2024. (*Id.*). Todd now argues that the U.S. failed to produce an adequately prepared Rule 30(b)(6) designee that could answer the noticed deposition inquires. (*Id.* at 13). Todd asks this Court to impose appropriate sanctions that will sufficiently remedy the prejudice caused to him and deter the Government from engaging in such conduct in the future. (*Id.* at 17).

## II. Discussion

Todd argues that the U.S. failed to educate and prepare the designated deponent to answer the articulated deposition topics. (*Id.* at 13). Todd gave notice to the U.S. that the Rule 30(b)(6) deposition would be directed at the following four topics: (1) Hiring, Retention, Supervision, and Training of Officer Gygi; (2) Hiring, Retention, Supervision, and Training of Officer Deela; (3) Investigation Into Incidents Involving Use of Force by Officer Deela; and (4) Location and Contents

2

of All Incident Reports and Taser Cam Videos Involving Officer Deela. (Doc. 13 at 3–4). Todd contends that "none of these questions were remotely answered" and "the government...wasted the undersigned's time and money through [the] deposition." (*Id.* at 15–16). The U.S. responded that given the generality of the topics the Rule 30(b)(6) designee was adequately prepared. (Doc. 14 at 10–11).

In rebuttal, the U.S. asserts that Todd failed to satisfy his burden in noticing the Rule 30(b)(6) deposition because he did not articulate the topics with "reasonable particularity." (*Id.* at 8). The U.S. argues that Todd's deposition topics were "overbroad, vaguely worded, and the opposite of 'painstakingly specific.'" (*Id.* at 9). Todd replied that if the U.S. believed the noticed deposition topics were too vague it was their responsibility to object to the questions before the deposition. (Doc. 15 at 4).

Todd argues that a party's failure to bring an adequately prepared witness to a Rule 30(b)(6) deposition is equivalent to a failure to appear, and therefore sanctions are appropriate. (Doc. 13 at 16). Todd asks the Court to impose severe sanctions because: "(1) the conduct at issue is egregious and indefensible; (2) the government has failed to take accountability for their sanctionable conduct; and (3) the government is a frequent litigator in this Court." (Doc. 15 at 7). The U.S. responded that sanctions are not appropriate at this time because Todd failed to comply with Local Rule 26.3(c) which requires parties to confer on all disputed issues before

filing a discovery motion. (Doc. 14 at 4–5). Todd argues that the U.S. incorrectly cites Local Rule 26.3(c) because the present motion is not a Rule 26 discovery motion, but rather a Rule 37 sanctions motion to address discovery misconduct. (Doc. 15 at 2).

The Court will first address whether the Rule 30(b)(6) designee, Officer Waukazoo, was adequately prepared to answer the noticed topics. Then, the Court will examine whether the deposition topics were noticed with "reasonable particularity" and if now is an appropriate time to object to the deposition topics. Finally, the Court will determine if sanctions are appropriate under Rule 37 and, if so, what sanctions are necessary.

A.   *Rule 30(b)(6)*

Todd gave notice to the U.S. that the Rule 30(b)(6) deposition would be directed at the following four topics: (1) Hiring, Retention, Supervision, and Training of Officer Gygi; (2) Hiring, Retention, Supervision, and Training of Officer Deela; (3) Investigation Into Incidents Involving Use of Force by Officer Deela; and (4) Location and Contents of All Incident Reports and Taser Cam Videos Involving Officer Deela. (Doc. 13 at 3–4). According to Todd, Officer Waukazoo was unprepared to answer questions directed at these topics. (*Id.* at 13). The U.S. responded that given the generality of the topics, Officer Waukazoo was adequately prepared. (Doc. 14 at 10–11).

Under Rule 30(b)(6), a party may provide notice of matters for examination to an organization. That organization is then required to designate one or more persons to testify about the matters noticed, and such persons must "testify about information known or reasonably available to the organization." *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 558 (D. Mont. 2009). A notice followed by the organization designating a representative avoids floundering depositions of agents who lack authority over the matter, or knowledge about the matter. *Id.*, at 558 (citing *Spring Commc'n Co. L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006). This duty requires a Rule 30(b)(6) designee to testify to more than just what he or she personally knows. The designee speaks for the organization as a whole and must make efforts to be able to do so. *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (1996).

### 1. Deposition Topics One and Two (Hiring and Supervision of Gygi and Deela)

Topics one and two of the deposition inquiry were directed at the hiring process of Gygi and Deela. After reviewing the deposition, it's apparent that Officer Waukazoo was not adequately prepared to answer questions related to this topic. Rule 30(b)(6) requires that a designated deponent make efforts to educate themselves so that they can properly answer questions on behalf of the organization as a whole. *Taylor*, 166 F.R.D. at 361. Officer Waukazoo was only prepared to give

generic answers about the BIA hiring process. At a minimum, Officer Waukazoo should have received the BIA hiring packets and reviewed the information regarding Gygi and Deela's hiring.

When asked about the hiring of Gygi, Officer Waukazoo responded,

> I'll start with the normal process. We'll advertise a position. Interested applicants will apply. They'll be interviewed by the agency. Then the interview packets ... are sent to our district office and [] the agency levels will make a recommendation.

(Doc. 13-3 at 3). Todd's counsel then asked Officer Waukazoo if he could tell them anything about the hiring of Officer Gygi in particular. Officer Waukazoo responded,

> I don't know unless I have ... their interview packet, because when we do the interview packets...they're sent up to our district office, and I don't have the paperwork to look at it. So, if I could see the paperwork, I could tell you who did the interviews. And like I said, I could have, but I can't remember if I was involved in his [interview] or not.

(*Id.* at 3–4). Todd's counsel then asked whether Officer Waukazoo had reviewed Gygi's employment packet in preparation for his deposition. Officer Waukazoo replied that he did not review a hiring packet and never received a hiring packet. (*Id.* at 5). When Officer Waukazoo was asked whether he had any information about the hiring of Gygi or Deela, he responded, "I don't have access to their background files or anything like that." (*Id.* at 15).

The U.S. had an obligation to educate Officer Waukazoo so he could testify on behalf of the BIA and provide binding answers to the matters in the notice. But

here, Officer Waukazoo did not make any effort to inquire about the hiring process of Gygi or Deela or to obtain their interview packets and could not provide information regarding the hiring process for either officer. Therefore, the Court finds that Officer Waukazoo was not an adequately prepared Rule 30(b)(6) deponent.

2.   *Deposition Topic Four (Taser Incidents Involving Officer Deela)*

Under BIA policy, whenever an officer deploys their Taser weapon, they are required to prepare a written incident report. (Doc. 13 at 2). The Taser weapons are also equipped with a video camera that automatically records for one minute following deployment. (*Id.*). According to Deela's Taser Log, he deployed the Taser 57 times across 36 different incidents. (Doc. 13-4). However, the U.S. only produced 15 incident reports[1] and one Taser cam video in discovery. (Doc. 13 at 3). Topic four of the deposition was aimed at discovering all of the fifty-seven incident reports and Taser cam videos involving Officer Deela and at determining why there were only 15 incident reports produced.

After reviewing the deposition it's apparent that Officer Waukazoo was not adequately prepared to answer questions related to this topic. Topic four of the deposition inquiry specified that there would be an inquiry into the location of all

---

[1] In Todd's brief and deposition, he identifies 15 incident reports involving the use of force by Officer Deela. (Doc. 13 at 3, 7, 8, 9). But he refers to 14 incident reports at other points in the brief and deposition. (*Id.* at 7; Doc. 13-3 at 8). Todd does not explain this shifting total but the difference between 14 and 15 incident reports is irrelevant to this Court's analysis.

the incident reports and videos. (*Id.* at 4). When asked why, if Officer Deela deployed his Taser 36 times, did the BIA only provide 14 incident reports, Officer Waukazoo responded that he was not sure why only those reports were created, that he was not aware of any other reports, and he had not made any inquires to discover why only those reports had been created.[2] (*Id.* at 7).

The U.S. contends that the topic of the "location and contents of all incident reports and taser cam videos involving Officer Deela" does not necessarily include the issue of why the U.S. has not produced more incident reports. (Doc. 14 at 10). This argument is unconvincing as Todd had already been provided with 15 incident reports via discovery. Therefore, a deposition topic aimed at the location of *all* incident reports can only be interpreted as an inquiry into what happened to the remaining incident reports.

The U.S. had an obligation to educate Officer Waukazoo so he could testify on behalf of the BIA and provide binding answers to the matters in the notice. But here, Officer Waukazoo admitted that he did not make any effort to enquire as to why incident reports had only been created for a portion of Officer Deela's Taser deployments. Therefore, the Court finds that Officer Waukazoo was not an adequately prepared Rule 30(b)(6) deponent.

---

[2] Todd's Counsel refers to 36 Taser deployments in this deposition question. Todd's counsel misstates the facts, as there were 57 Taser deployments across 36 Taser incidents. This misstatement does not affect the Court's analysis.

8

### 3. *The U.S. Cannot Object to the Contents of the Deposition Inquiry After the Rule 30(b)(6) Deposition Took Place*

The U.S. argues that Todd failed to satisfy his burden of specifying the topics of inquiry with "reasonable particularity." (Doc. 14 at 8 (citing *Whitting v. Hogan*, 2013 WL 1042012 at *11 (D. Ariz. Mar. 14, 2013))). The U.S. maintains that Todd's topics were overbroad, vaguely worded, and the opposite of "painstakingly specific." (*Id.*). Todd replied that if the U.S. didn't understand the topics noticed, they should have objected prior to the deposition, and to do so now is the type of "discovery games and gamesmanship" that Rule 30(b)(6) is designed to prevent. (Doc. 15 at 5). Further, that the enumerated topics were not "dragnet questions" designed to trip up the witness, but four simple topics that the designee was unprepared to address. (*Id.*)

A Rule 30(b)(6) notice must describe "with reasonable particularity the matters for examination." *Pioneer Drive,* 262 F.R.D. at 559. But the U.S. raises this argument too late. If the U.S. felt that the deposition inquiries were "ambiguous or overly broad" they should have sought a protective order under Federal Rule of Civil Procedure 26(c) prior to the deposition. *Id.* By failing to object prior to (or even at) the deposition, the U.S. cannot attempt to excuse its inadequate preparation by now pointing to problems in the deposition notice. *Id.*

Further, the Court agrees with Todd that their deposition inquiries were not "dragnet questions." The topics were straightforward and focused on the hiring process and employment actions of two BIA officers. Officer Waukazoo's inadequacy was not due to his inability to answer overbroad and vague questions, but from his failure to make an adequate effort to educate himself on the topics listed.

### B.    Availability of Rule 37 Sanctions

Federal Rule of Civil Procedure 37(d) grants courts discretion to impose sanctions if a party fails to attend its own deposition. Many courts treat the failure of an organization to produce a prepared and educated witness under Rule 30(b)(6) as tantamount to a nonappearance at a deposition, meriting the imposition of sanctions. *See, e.g., Resol. Trust Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993); *Great Am. Ins. Co. of N.Y. v. Vegas Const. Co.*, 251 F.R.D. 534, 542 (D. Nev. 2008); *Bank of N.Y. v. Meridien BIAO Bank Tanz. Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997). An organization, unlike a person, can only appear at a deposition vicariously through its designee. If the designee "is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Resol. Trust Corp.*, 985 F.2d at 197.

Here, the Court has determined that the U.S. failed to produce a prepared and educated witness under Rule 30(b)(6). Therefore, it is necessary to determine if sanctions are warranted, and if so, what sanctions should be imposed.

### 1.   Meet and Confer Requirement

The U.S. argues that sanctions are premature because Todd failed to comply with Local Rule 26.3(c)(1). (Doc. 14 at 4–5). Todd argues that the U.S. incorrectly cites Local Rule 26.3(c)(1) because the instant motion "is not a Rule 26 discovery motion, but rather a Rule 37 sanctions motion to address the discovery misconduct in which the government has already engaged." (Doc. 15 at 2).

Local Rule 26.3(c)(1) provides that the court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed. Rule 37(b) does not contain a meet and confer requirement for motions for sanctions. *Caekert v. Watchtower Bible and Tract Soc'y of N.Y., Inc.*, No. CV 20-52-BLG, 2024 WL 449400 *4 (D. Mont. Feb. 6, 2024) (citing *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D 322, 324–25 (D. Ariz. 2018). "The rationale for this exception is that the parties would have already met and conferred before obtaining the first discovery order—which the opposing party has then [allegedly] violated—and that a second meet and confer is therefore not warranted." *Id.* (citing Steven Baicker-Mckee & William M. Janssen, *Federal Civil Rules Handbook* 929 (2024).

The Court finds that the rationale for the absence of a meet and confer requirement in Rule 37(b) justifies not imposing a meet and confer requirement on this motion.

### 2. *Appropriate Sanctions*

Todd does not specify what sanctions he thinks are appropriate but asks the Court to impose severe sanctions because: "(1) the conduct at issue here is egregious and indefensible; (2) the government, rather than acknowledge its sanctionable conduct, continues to assert it did nothing wrong and takes zero accountability; and (3) the government is a frequent litigant in this Court." (Doc. 15 at 7).

Rule 37(b) provides a wide range of sanctions for a party's failure to comply with court discovery orders. *U.S. v. Sumitomo*, 617 F.2d 1365, 1369 (9th Cir. 1980).

> "In ascending order of harshness, the district court may: require the delinquent party or his attorney to pay the reasonable expenses, including attorney's fees, incurred by the innocent party as a result of the failure to obey the order; strike out portions of pleadings; deem certain facts as established for purposes of the action or preclude admission of evidence on designated matters; dismiss all or part of the action; or render a default judgment against the disobedient party."

*Id.* (citing *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pitcures Corp.*, 602 F.2d 1062, 1066 (2nd Cir. 1979). In *Sumitomo* the court found that severe sanctions were appropriate because the government disregarded the discovery order for 18 months and sanctions had already been imposed. *Id.* at 1370. Further, that the "effectiveness of and need for harsh measures is particularly evident when the disobedient party is the government." *Id.*

Here, though the offending party is the U.S., severe sanctions are not warranted. Unlike in *Sumitomo*, the U.S. in this case, has not disregarded previous discovery motions nor already been sanctioned. While sanctions are justified, severe sanctions are not. The sanctions should deter the U.S.'s conduct and remedy the prejudice it caused Todd. Thus the U.S. must pay Todd the expenses reasonably related to the deposition on September 12, 2024, and the reasonable costs and attorney fees incurred in bringing the instant motion. Further, the Court will permit the parties to extend the discovery deadline if they find it necessary to take a new Rule 30(b)(6) deposition.

### III. Conclusion

IT IS HEREBY ORDERED:

1. Todd's Motion for Sanctions (Doc. 12) is GRANTED. The U.S. must pay: (1) all of Todd's expenses reasonably related to the original deposition on September 10, 2024, and (2) Todd's reasonable costs and attorney fees incurred in bringing the instant motion.

2. The Court will permit the parties to extend discovery if they believe it is necessary to take a new Rule 30(b)(6) deposition.

DATED this 15th day of November, 2024.

SUSAN P. WATTERS
United States District Judge