IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| GREGORY TODD, Personal Representative of the Estate of Arlin Bordeaux,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and DOES 1-10,<br><br>Defendants. | CV 23-47-BLG-SPW<br><br>ORDER RESETTING TRIAL AND DEADLINES |

Upon the United States' Unopposed Motion to Vacate Trial Deadlines (Doc. 18), and for good cause appearing,

**IT IS HEREBY ORDERED** that the Final Pretrial Conference set for Wednesday, January 29, 2025 at 1:30 p.m. and the Trial for Monday, February 10, 2025 at 9:00 a.m. are **VACATED** and reset as follows:

1. The following schedule will govern all further pretrial proceedings:

| | |
|---|---|
| Attorney Conference to Prepare Final Pretrial Order: | **Week of April 7, 2025** |
| E-File Proposed Final Pretrial Order, Proposed Findings of Fact/Conclusions of Law, and Trial Briefs (optional) and email to spw_propord@mtd.uscourts.gov: | **April 11, 2025** |

1

| | |
|---|---|
| Notice to Court Reporter of Intent to Use Real-Time: | **April 11, 2025** |
| Notice filed with the Court to Use Videoconferencing for Witnesses: | **April 11, 2025** |
| Final Pretrial Conference: | **Friday, April 18, 2025**<br>**1:30 p.m.**<br>James F. Battin Courthouse<br>Billings, Montana |
| Bench Trial | **April 28, 2025 (expected 2 days)**<br>9:00 a.m.<br>James F. Battin Courthouse<br>Billings, Montana |

**IT IS FURTHER ORDERED:**

2. **Parties must appear in person** for the Final Pretrial Conference. Parties should be prepared to argue any motions in limine unless the Court has already ruled.

3. Parties are advised that revised Local Rules for the District of Montana came into effect 12/1/2024 and govern all aspects of this case.

4. Pursuant to Rule 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

5. The briefing schedule for motions in limine shall proceed with response briefs due fourteen (14) days after the motion in limine and brief in support are filed. Reply briefs shall be due fourteen (14) days after the response is filed.

6. Pursuant to L.R. 1.4(b)(5), parties shall submit a paper copy, three-hole punched, of all filings in excess of twenty pages. By "filings," the Court

means any combination of a motion, brief in support, attachments or exhibits that when taken together exceed twenty pages.

7. Counsel for the plaintiff shall convene an attorneys' conference to prepare the Final Pretrial Order and to exchange exhibits and familiarize themselves with the proposed trial exhibits. Any objections to any exhibits or use of deposition testimony shall be included within the pretrial order, stating the grounds for the objections. *See* L.R. 16.4. Except for objections to relevancy, failure to disclose such an objection is a waiver of the objection. *See* L.R. 16.4(b)(5). The Final Pretrial Order shall comply with the form prescribed by Local Rule 16.4(c). The Final Pretrial Order must also include the provisions of Rule 26(a)(3)(A)(i)-(iii). It also must include signature lines for all counsel, self-represented parties, and Judge Susan P. Watters. The Proposed Final Pretrial Order must be signed by all counsel and self-represented parties, filed in the electronic record, and emailed to chambers in Word or WordPerfect form in compliance with Local Rule 7.1(c)(3)(B)-(F). L.R. 16.4.

8. Once signed by all counsel, self-represented parties, and Judge Susan P. Watters and filed in the electronic record, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of the Court for good cause shown.

9. Expert reports, if not already filed, must be filed separately at the same time as the Final Pretrial Order.

10. On the date specified in paragraph 1, any party intending to use Real-Time reporting must notify the Court Reporter at 406-247-4477. Any party intending to use video conferencing for witnesses must file a Notice with the Court.

11. Trial briefs are optional but if filed must be received by the Court on the date indicated in paragraph 1.

12. **EXHIBITS**

    (a) Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference. Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

(b) Each exhibit must show the number of the exhibit. If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit. The exhibit list must identify those exhibits which the party expects to offer and those which the party may offer if the need arises. Fed. R. Civ. P. 26(a)(3)(A)(iii).

(c) Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiff using an agreed upon range of arabic numbers and by defendants using a different agreed upon range of arabic numbers. Numbers used for exhibits during discovery shall be identically used at trial.

(d) Each exhibit document will be paginated, including any attachments thereto. <u>Exhibits shall not be duplicated</u>. An exhibit may be used by either of the parties.

(e) Counsel shall file with the Court a flash drive/USB drive of the exhibits, as well as <u>three paper copies of the exhibits</u>. The paper copies shall be formatted as described in (b), above. One copy of the original document exhibits shall be submitted for the exclusive use of the court and be contained in a binder. The additional two binders shall be delivered to the office of Judge Susan P. Watters on or before the date of the final pretrial conference.

(f) All objections to exhibits must be made at or by the final pretrial conference, or they will be deemed waived at trial.

(g) Unless otherwise ordered by the court, within ten (10) days of the conclusion of a hearing or trial, a party must file in CM-ECF an electronic version of each documentary exhibit that the party offered or introduced into evidence. For purposes of this rule, only exhibits which were considered by the judge or jury during the hearing or trial need by filed. *See* L.R. 5.1(b)(1).

## 13. CALLING WITNESSES AT TRIAL

When a witness is called to testify at trial, counsel shall provide to the clerk of court four (4) copies of a single page document providing the following information about the witness:

(a) the full name and current address of the witness;

(b) a brief description of the nature and substance of the witness's testimony;

(c) the date the witness was deposed or statement taken; and

(d) a listing of each exhibit to which the witness may refer during direct examination.

14. **VIDEOS OR VIDEO CONFERENCING**

Any party intending to use videotape depositions in their case must comply with the following rules:

(a) All videos shall be edited to include only the pertinent portions.

(b) Any objections raised to any portion of the video must be ruled on at the final pretrial conference or the objections will be waived for trial.

15. Each party shall prepare two (2) trial notebooks for the judge, to be submitted one week before trial, containing the following items for each witness they intend to call at trial:

(a) a short summary of the nature and substance of the testimony of the witness;

(b) a list of all the exhibits to be used with that particular witness;

(c) a list containing a description of each exhibit to be used with each witness; and

(d) a photocopy of each exhibit (when possible) to be used with each witness.

DATED the 13th day of January, 2025.

/s/ Susan P. Watters
SUSAN P. WATTERS
U.S. DISTRICT JUDGE